**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                          Case No. 3:06-CR-67/RV

EDWARD KRAUSE,

    Defendant-Appellant.
_____/

**ORDER**

    Pending before the Court is a brief filed by the attorney of record for Defendant-Appellant Edward Krause, filed pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (Doc. 16). By separate motion, counsel has also moved to withdraw as attorney of record (Doc. 17).

    The <u>Anders</u> brief states that there are no good faith arguments in support of this appeal of Krause's misdemeanor sentence and judgment. Counsel has raised, however, four separate issues that "this Court may wish to consider." By previous Order, dated September 22, 2006, I noted that the only issue that appeared to have even arguable merit concerned the question of whether Krause adequately and knowingly waived his right to jury trial. Consequently, I invited Krause to brief this issue (as well as any other issue relevant to this appeal), and I gave him until October 6, 2006, in which to do so. To date, Krause has not filed a brief or presented other arguments in support of this appeal.

    In <u>United States v. Garrett</u>, 727 F.2d 1003 (1984), *aff'd* 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985), *superceded by statute on other grounds as stated in* <u>United States v. Elgersma</u>, 929 F.2d 1538 (11th Cir. 1991), the Eleventh Circuit

observed that reversal for a defendant's failure to adequately and knowingly waive his right to a jury trial "is warranted where there is no written waiver signed by the defendant in the record <u>and</u> the defendant asserts either that he was unaware of his jury right or that he did not consent to its waiver." <u>Id.</u> at 1012 (emphasis added). The Eleventh Circuit further observed that

> [t]his is not to say that the court will invariably grant relief for purely technical violations of the rule, as where a defendant knowingly acquiesced in a waiver which was never reduced to writing. If the defendant admits, or the government plainly demonstrates, that at the time of the waiver the defendant was not ignorant of his jury right and consented to the waiver, reversal would not be in order, for the defendant cannot complain on appeal of an alleged error invited or induced by himself.

<u>Id.</u> (citations omitted).

On the record as developed, it appears that Krause never personally executed a written waiver of his right to a jury trial as to Count II of the three-Count Information under which he was charged.[1] But, that does not mean that reversal is appropriate. Indeed, Krause has not alleged or shown "either that he was unaware of his jury right or that he did not consent to its waiver." <u>See</u> <u>Garrett</u>, 727 F.2d at 1012. To the contrary, Krause appears to have waived his right to a jury trial through his counsel via a motion in which counsel specifically asserted that Krause knew of his right to a jury trial and that he was waiving that right (<u>see</u> Doc. 23, 3:95mj3022). Further, on the day of the bench trial, the transcript reveals that the Magistrate Judge asked Krause (albeit briefly) about whether he "waive[d] a jury trial and consented to a judge trial," to which Krause personally replied "Yes, sir" (Doc. 14 at 2). In light of these

---

[1] Krause was originally charged with (I) driving while under the influence, (II) resisting arrest without violence, and (III) injuring property of the United States valued at less than $100.00 (<u>see</u> Doc. 8, 3:95mj3022). Krause pleaded guilty to Count I, the Government dismissed Count III, and he went to trial on Count II.

Case No. 3:06cr67/RV

facts, and in the absence of any attempt by Krause to argue that he was unaware of his right to a jury trial or that he did not consent to waive that right, the lack of a written waiver was a "purely technical violation" that offers no basis for reversing his misdemeanor sentence and judgment.

I have considered the other possible arguments and issues raised by counsel in the <u>Anders</u> brief and find them without merit. Accordingly, this appeal is DISMISSED with prejudice. Counsel's motion to withdraw (Doc. 17) is GRANTED. The Clerk is directed to close this case.

DONE AND ORDERED this 17th day of October, 2006.

**s/** *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**